Mr. Justice Thachee
delivered the opinion of the court.
The point in this case is the propriety of the judgment of the circuit court in sustaining demurrers to certain pleas of the statute of limitations.
The suit was instituted upon a bill of goods, wares and merchandise, charged in a store account, which, it appears by the record, were sold and delivered more than three years prior to the commencement of the action.
The act of June 7th, 1822, entitled “An act for the limitation of actions and certain proceedings in civil cases, and for preventing frivolous and vexatious suits,” by its eleventh section established the limitation for “all suits or actions founded upon any account for goods, wares or merchandise, sold and delivered, or for any articles charged in any store account,” at two years. Rev. Code, 185, sec. 11. The act of February 8th, 1827, entitled “An act to amend the forty-fifth section of the act entitled an act to reduce into one the several acts concerning the establishment, jurisdiction and powers of the superior courts of law, passed June 28th, 1S22, and for other purposes,” by its •third section repealed the limitation of two years mentioned in the eleventh section of the act of June 7th, 1822, above recited, and in lieu thereof established the limitation for all actions *147 founded upon any account for goods, wares and merchandise, sold and delivered, or for any article charged in any store account, at three years. Laws of Miss. 1827, 127, sec. 3. This law of limitation was in force at the time the present cause of action accrued.
Some confusion has arisen from legislation, from time to time, upon the fourth section of the act of June 7th, 1822, Rev. Code, 184, sec. 4; but it need not be permitted to affect the present case. The “ actions of account and upon the case,” enumerated in that section, relate exclusively to special actions of that character, which is the more manifest from the provision of the eleventh section of the same act; consequently, the legislative changes made as to the fourth, do not at all affect the eleventh section.
The demurrer should have been overruled, and therefore the judgment is reversed and the cause remanded.